[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 4, 2012
JOHN LEY
CLERK

No. 11-13561
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-00002-JRH-WLB


MIKE SAMADI,

                                                  Plaintiff-Appellant,

versus

BANK OF AMERICA, N.A.,

                                                  Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 4, 2012)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Mike Samadi appeals pro se the summary judgment against his complaint that the Bank of America violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Fair Credit Reporting Act, id. § 1681 et seq., and Georgia law. Samadi challenges the denial of his motions governing discovery, the imposition of sanctions for failing to attend his deposition, and the denial of his motions to remand his action to state court and for leave to amend his complaint. Samadi also challenges the summary judgment in favor of the Bank. We affirm.

The district court did not abuse its discretion when it denied Samadi's motions to compel, to extend the time for discovery, and to hold a status conference. Although we construe pro se filings liberally, "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993). The district court was not required to grant Samadi's motion to compel when he failed to certify that he had conferred in good faith with counsel for the Bank, Fed. R. Civ. P. 37(a)(1), or to comply with a local rule that he object with specificity to the responses of the Bank to requests for discovery, S.D. Ga. R. 26.5. The district court also was not required to extend the time for discovery a second time for Samadi to file another motion to compel after he had failed to file a corrected motion within the first extended period for

discovery.  See Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1184 n.35 (11th Cir. 2003).  There was no need for the district court to conduct a status conference to resolve Samadi's grievance with the Bank regarding discovery when Samadi refused to avail himself of procedures for resolving his grievance.  See Holloman v. Mail-Well Corp., 443 F.3d 832, 843–44 (11th Cir. 2006).

The district court acted within its discretion by sanctioning Samadi for failing to attend his deposition.  "[A]ll federal courts have the power, by statute, by rule, and by common law, to impose sanctions against recalcitrant . . . parties litigant."  Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1446 (11th Cir. 1985).  Samadi refused to make himself available for a deposition within the time for discovery and, after receiving notice of the date scheduled, he refused to appear unless he received materials that he had requested in two discovery requests.  See Fed. R. Civ. P. 37(d)(1).  Samadi argues that he was not required to appear because of discovery misconduct by the Bank, but the record supports the decision of the district court that Samadi's dispute with the Bank did not "substantially justif[y]" his failure to appear.  Id. 37(d)(3).  As a result, the district court was entitled to order Samadi to "pay the reasonable expenses, including attorney's fees," incurred by the Bank as a result of Samadi's absence.  Id.

Samadi challenges the reasonableness of the expenses, but we cannot say

that the district court "'committed a clear error of judgment'" when it awarded the $2,283.85 that the Bank requested in its revised statement of fees and costs. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1313 (11th Cir. 2011) (quoting Dorey v. Dorey, 609 F.2d 1128, 1135–36 (5th Cir. 1980)). The district court ordered the Bank to revise its first statement of $4,400, and the Bank complied with that order by including in its revised statement only its expenses related to attempting to depose Samadi and preparing a motion for sanctions.

The district court also did not abuse its discretion by denying as untimely Samadi's motions to remand his action to state court and for leave to amend his complaint. Samadi moved to remand this action over six months after the Bank removed it to the district court. See 28 U.S.C. § 1447(c). And Samadi did not request leave to amend his complaint until after the deadline for discovery and pre-trial pleadings had expired and after the Bank had moved for summary judgment. See Lowe's Home Ctrs., Inc. v. Olin Corp, 313 F.3d 1307, 1314–15 (11th Cir. 2002). A plaintiff must have "good cause for belatedly amending [his] complaint," Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998); see Fed. R. Civ. P. 16(b)(4), but Samadi sought to withdraw his federal claims to defeat federal jurisdiction and to avoid an unfavorable summary judgment.

The district court did not err by granting summary judgment in favor of the

4

Bank and against Samadi's claims under the Truth in Lending Act. To be subject to regulation under the Lending Act, the Bank must have extended Samadi, as a "consumer," credit to be used "primarily for personal, family, or household purposes." 15 U.S.C. § 1602(i). Samadi argues that he obtained two lines of credit for consumer purposes, as evidenced by his "personal information and signature" on the loan documents and the lack of a "restriction [on] the use of [the] funds" by the Bank. But the record establishes that Samadi used the lines of credit "primarily for business, [or] commercial . . . purposes," which are exempt from the Lending Act. Id. § 1603(1). Samadi, a real estate investor, testified that he had intended to "borrow money against . . . [his] line of credit . . . to purchase another property" for investment; to use the "funds . . . to do repairs on . . . properties"; and to add a business partner, Bradley Kirkland, as a guarantor on the lines of credit to "improve his [credit] score."

The district court also did not err by granting summary judgment in favor of the Bank and against Samadi's claim under the Fair Credit Reporting Act. The Reporting Act imposes on entities that furnish information to consumer reporting agencies duties to review and investigate the accuracy of its information and to report any errors. 15 U.S.C. §§ 1681a(f), 1681s-2. Samadi complained that the Bank had violated the Reporting Act in three ways: (1) denying applications to

5

add Kirkland to the lines of credit; (2) reducing one of Samadi's lines of credit without notifying him; and (3) reporting and failing to correct information about Samadi's two lines of credit. Samadi's first two complaints failed to state a claim under the Reporting Act, and Samadi failed to establish that a genuine issue of fact existed that the Bank had breached any duty when reporting information about Samadi's lines of credit. After the Bank learned about a dispute regarding information it had provided to Experian regarding Samadi's lines of credit, the Bank investigated and determined that its information was accurate. Samadi argues that the Bank should have reported his lines of credit using different terminology, but the reports were in accordance with the credit agreements that Samadi signed, which governed the terms and conditions of his lines of credit.

We **AFFIRM** the summary judgment in favor of the Bank.