Joe Glenn SUELL, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civil Action No. 13–0252–WS–B.

United States District Court, S.D. Alabama, Southern Division.

Signed July 25, 2014.

David G. Wirtes, Jr., James Brian Duncan, Jr., Joseph M. Brown, Jr., Cunningham, Bounds, LLC, Mobile, AL, for Plaintiffs.

John Alden Woodcock, U.S. Department of Justice, Deepthy Kishore, Theodore William Atkinson, Washington, DC, Steven E. Butler, U.S. Attorney's Office, Mobile, AL, for Defendant.

## ORDER

WILLIAM H. STEELE, Chief Judge.

The plaintiffs have filed a motion for leave to file under seal. (Doc. 100). Attached to the motion, filed under seal, are all 547 pages of exhibits on which the plaintiffs rely in support of their motion for partial summary judgment. The only ground offered in support of the motion is that the submitted documents are subject to a protective order entered by the Magistrate Judge at the parties' joint request.

■ Protective orders are contemplated by Rule 26(c) as a tool for managing discovery. Among other possible subjects, a protective order may "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed.R.Civ.P. 26(c)(1)(G). When such an order is sought by contested motion, the movant must show "good

cause" for entry of the order. *Id.* Rule 26(c)(1). However, it is now "commonplace" for parties to "stipulate[e] to a protective order allowing each other to designate particular documents as confidential and subject to protection under" Rule 26(c). *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d◉1304, 1307 (11th Cir.2001). "This method replaces the need to litigate the claim to protection document by document, and postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Id.* at 1307–08. The instant protective order meets this description.

 Agreed protective orders adequately address the interests of the parties. The public, however, also has certain rights of access to discovery materials. As relevant here, "discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right" of access to judicial records. *Chicago Tribune,* 263 F.3d at 1311, 1312. There is also a constitutional right of access to discovery materials submitted in connection with substantive motions, governed by the same standard as the common-law right. *Id.* at 1310, 1313, 1315. That standard is "the Rule 26 good cause balancing test." *Id.* at 1313.

 The mere existence of a protective order does not automatically override the public's right of access; instead, the party seeking to maintain secrecy "must establish good cause for continued protection under Rule 26." *Chicago Tribune,* 263 F.3d at 1313. This is especially so when the protective order (as in *Chicago Tribune* ) was agreed, since in such a case there has been no prior judicial determination of good cause.[1]

 The governing standard must be applied by the plaintiffs to each document, and to each portion of each document, separately. *See Chicago Tribune,* 263 F.3d 'at 1307 (an agreed protective order merely postpones the need to litigate good cause "document by document"). The plaintiffs' one-size-fits-all approach to every word on 547 pages of documents will not do. For example, the plaintiffs propose to file under seal the same affidavit of Edward Hager that they filed—unsealed—in December 2013. (Doc. 22–1).[2] The plaintiffs cannot by inaction shift to the Court the burden of determining what documents should or should not be sealed.

 Finally, it is irrelevant that no member of the public has sought leave to intervene in order to litigate the plaintiffs' effort to keep filed material invisible to the public. "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or

---

1. Courts routinely recognize that the existence of a protective order does not answer the question whether documents subject to a constitutional or common-law right of access may be sealed. *E.g., Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir.2011); *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir.2006); *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir.1996); *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir.1988).

2. The plaintiffs have also submitted under seal the entire depositions of three witnesses. While it is possible that legitimately confidential information is contained in the depositions, it strains credulity to suggest that every line in 462 pages (116 pages of condensed transcript) does so.

It is equally implausible that every one of those 462 pages is relevant to the plaintiffs' motion, and the filing of irrelevant pages violates the express prohibition of Local Rule 5.5(c).

part of it)," even absent a motion to unseal. *Citizens First National Bank v. Cincinnati Insurance Co.,* 178 F.3d 943, 945 (7th Cir.1999); *accord Gambale v. Deutsche Bank AG,* 377 F.3d 133, 141 (2nd Cir.2004) (a court may "modify a protective order sua sponte after the parties have filed a stipulation of dismissal"); *In re: Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.,* 184 F.Supp.2d 1353, 1363 (N.D.Ga.2002). The Court has so ruled on multiple occasions. *See Reed v. Chase Home Finance, LLC,* 2012 WL 4434751 at *1 n. 1 (S.D.Ala. 2012); *Preis v. Lexington Insurance Co.,* 2007 WL 2493676 at *1 n. 3 (S.D.Ala.2007).

For the reasons set forth above, the plaintiffs are **ordered** to file and serve, on or before **August 1, 2014,** a supplemental brief fully supporting their motion for leave to file under seal to the extent it is seriously pursued and abandoning the motion to the extent it is not. The defendant is **ordered** to file and serve its response to the motion on or before **August 8, 2014.** The Court will take the motion under submission on August 8, 2014.