Stephen M. Doyle, UNITED STATES MAGISTRATE JUDGE
Before the Court are Defendants' Motion to Uphold Confidentiality Designation (Doc. 39) and Plaintiff's Motion to File Sur-Reply Under Seal (Doc. 44). For the reasons below, these Motions are due to be denied.
A motion for a protective order filed under Rule 26(c) must "include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). In Plaintiff's Response to Defendants' Motion (Doc. 40), he avers that Defendants did not attempt to confer with him prior to filing their Motion. (Doc. 40) at 3 n.1. Indeed, nowhere in their Motion (Doc. 39) do Defendants certify that they attempted to confer with Plaintiff prior to filing their Motion. Therefore, Defendants' Motion is due to be denied for this reason alone. See Bennett v. Chitwood , 519 F.App'x 569, 572 (11th Cir. 2013) ; Samadi v. Bank of America N.A. , 476 F.App'x 819, 821 (11th Cir. 2012). Nevertheless, the undersigned will address the substantive issues in Defendants' Motion as well.
I. BACKGROUND
On June 20, 2018, Plaintiff filed a Complaint (Doc. 1-1) in state court, alleging breach of contract, bad faith, fraud, and suppression by Defendants for allegedly failing to honor Plaintiff's disability insurance policy. On July 25, 2018, Defendants removed the case to this Court based on diversity jurisdiction. (Doc. 1). On August 21, 2018, Plaintiff filed a First Amended Complaint (Doc. 13), adding claims of intentional interference with contractual relations and conspiracy, while dropping his claims of fraud and suppression. (Doc. 13) at 8-12. On September 10, 2018, Defendants individually filed Motions to Dismiss (Docs. 17, 18) Plaintiff's Amended Complaint (Doc. 13). On October 16, 2018, Plaintiff filed his Response in Opposition (Doc. 23) to Defendants' Motions.
On November 6, 2018, Defendant Standard Insurance Company ("Standard") filed a Motion for Leave to File Under Seal (Doc. 26) its Reply to Plaintiff's Response in Opposition, claiming "Standard's Reply contains citations and references to documents considered by Defendants to be highly confidential and sensitive business information." (Doc. 26) at 1. On the same day, Standard filed its redacted Reply (Doc. 28) to Plaintiff's Response in Opposition, which included-under seal-an unredacted Reply (Doc. 28-3) and an Exhibit 'A' (Doc. 28-1). Exhibit 'A' included an Administration Agreement and a Reinsurance Agreement between Standard and Defendant Northwestern Mutual. Id.
Also that day, Standard filed a Motion for a Protective Order (Doc. 27), which Plaintiff opposed (Doc. 29) at 10-12. On November 8, 2018, the United States Magistrate *1258 Judge then assigned to the case granted (Doc. 31) Standard's Motion (Doc. 26) "to the extent that Defendant Standard may file its Reply in support of the Motion to Dismiss and accompanying Exhibit A under seal." (Doc. 31) at 1. In that same Order, the Magistrate Judge denied Standard's request for a protective order. Id.
On November 12, 2018, the parties filed a Joint Motion for Entry of Protective Order (Doc. 32) regarding the designation and protection of "Confidential" documents and the previous Magistrate Judge subsequently entered a Stipulated Protective Order (Doc. 33). On December 7, 2018, Defendants filed a Motion to Uphold Confidentiality Designation (Doc. 39), asserting that Plaintiff was challenging the confidentiality designations of two exhibits filed in its Reply Brief (Doc. 28). See (Doc. 39) at 3. On December 10, 2018, Plaintiff filed a Response (Doc. 40) to Defendants' Motion to Uphold (Doc. 39), arguing that Defendants failed to meet their burden of showing good cause why the need for confidentiality outweighed the public interest in open judicial proceedings. (Doc. 40) at 2; (Doc. 29) at 3-10.
On December 17, 2018, the previous Magistrate Judge entered an Order (Doc. 42) directing Defendants to file a Reply to Plaintiff's Response "and address, in particular, Plaintiff's argument regarding the application of the right of public access doctrine in this case." (Doc. 42) at 1. On December 21, 2018, Defendants filed a Reply (Doc. 43) to Plaintiff's Response (Doc. 40), opining that "[t]he public's right of access, while implicated, is overcome by Defendants' showing of good cause." The undersigned disagrees.
II. DISCUSSION
"The court's operation is of 'utmost public concern.' " Henderson v. Goodyear Dunlop Tires N. Am., Ltd. , 2013 WL 12246717, at *1 (M.D. Ala. May 9, 2013) (quoting Romero v. Drummond Co. , 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations omitted)). "Its business is 'presumptively public.' " Id. (quoting Estate of Martin Luther King, Jr., Inc. v. CBS, Inc. , 184 F.Supp.2d 1353, 1362 (N.D. Ga. 2002) ). "Judges deliberate in private but issue public decisions after public arguments based on public records." King , 184 F.Supp.2d at 1362. "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc. , 960 F.2d 1013, 1016 (11th Cir. 1992).
"There is a limited First Amendment right of access to civil trial proceedings." McCall v. Montgomery Hous. Auth. , 2011 WL 4390049, at *1 (M.D. Ala. Sept. 21, 2011) (citing Chicago Tribune Co. v. Bridgestone/Firestone, Inc. , 263 F.3d 1304, 1310 (11th Cir. 2001) ). "In addition, the public has a common law right to inspect and copy judicial records, although the right is not absolute." Id. (citing Nixon v. Warner Comms., Inc. , 435 U.S. 589, 597-98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). "Absent a showing that the interests of non-disclosure outweigh the public's common law right of access, courts often deny even joint motions to seal in civil cases." Id. (citing as examples Baxter Int'l, Inc. v. Abbott Labs , 297 F.3d 544 (7th Cir. 2002) (denying joint motion to maintain certain documents under seal); Jaufre ex rel. Jaufre v. Taylor , 351 F.Supp.2d 514 (E.D. La. 2005) (denying joint motion to seal court record); Stamp v. Overnite Transp. Co. , 1998 WL 229538 (D. Kan. Apr. 10, 1998) (denying joint motion to seal court record)).
"Material filed with discovery motions is not subject to the common-law right of access." Garrity v. Hyundai Info. Sys. N.A., LLC , 2012 WL 5679896, at *1 (M.D. Ala. Nov. 15, 2012) (quoting *1259 Chicago Tribune , 263 F.3d at 1312 ). "The need for public access to discovery is low because discovery is 'essentially a private process[,] ... the sole purpose [of which] is to assist trial preparation.' " Id. (quoting Romero , 480 F.3d at 1245 ). "In contrast, 'material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right.' " Id. (quoting Chicago Tribune , 263 F.3d at 1312-13 ); (also citing Romero , 480 F.3d at 1245 ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access.").
Additionally, the "mere existence of a protective order does not automatically override the public's right of access; instead, the party seeking to maintain secrecy 'must establish good cause for continued protection under Rule 26.' " Suell v. U.S. , 32 F.Supp.3d 1190, 1192 (S.D. Ala 2014) (quoting Chicago Tribune , 263 F.3d at 1313 ). "Courts routinely recognize that the existence of a protective order does not answer the question whether documents subject to a constitutional or common-law right of access may be sealed." Id. at 1192 n.1 ; see also Reed v. Chase Home Fin., LLC , 2012 WL 4434751, at *1 n.1 (S.D. Ala. Sept. 26, 2012) (noting that a court has authority to review, sua sponte , the propriety of filing under seal pursuant to its power to manage its own records and files). "An agreed [or stipulated] protective order merely postpones the need to litigate good cause document by document." Chicago Tribune , 263 F.3d at 1307.
"The good cause standard here parallels the 'good cause' standard of Rule 26(c) of the Federal Rules of Civil Procedure governing protective orders." Garrity , 2012 WL 5679896 at *1 (citing Chicago Tribune , 263 F.3d at 1312 ). Under Rule 26(c), a movant must make a particularized showing of "good cause" and a specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements, and unsupported contentions do not suffice. Lohr v. Zehner , 2014 WL 12742197, at *1 (M.D. Ala. March 6, 2014) (citing Bandsuch v. Werner Enters., Inc. , 2010 WL 2791706, at *1 (M.D. Fla. July 14, 2010) ).
Here, Defendants have not made a particularized showing of the specific harm that would result from loss of confidentiality on the documents at issue and how that harm outweighs the interest of the public in accessing information regarding a publicly filed dispute. In their Reply in Support (Doc. 43), Defendants argue that their administration agreement and reinsurance agreement "contain all manner of confidential and proprietary business information" that warrant protection. (Doc. 43) at 3. Defendants state that the administration agreement "outlines 'product design' and 'service standards' " as well as " 'product name and identification,' and 'pricing,' " but does not explain how those things are proprietary or what specific harm would result from disclosure. Id. at 3-4. Defendants also state that the exhibits to the reinsurance agreement "contain sensitive and confidential business information" such as "acquisition expenses and claim administration expenses" but, again, do not explain how those things are proprietary, what specific harm would result from disclosure, or why redaction of particular information would not suffice. Id. at 4. Defendants' general, unsupported contentions leave the undersigned to speculate as to the possible harm that may result from disclosure.
Plaintiff's Response (Doc. 40) aptly highlights how Defendants have failed to meet *1260 their burden. Plaintiff accurately points out that the Court has yet to make any substantive ruling regarding the documents at issue. (Doc. 40) at 2. The Court only granted (Doc. 31) Defendants' Motion (Doc. 26) to the extent it allowed Defendants to file a Reply. Plaintiff noted that Defendants' Motion is silent as to Exhibit A-3 and provides no justification as to why it should remain sealed. Id. at 3. Defendants seem to concede in their Reply that Exhibit A-3 should not have been filed under seal. (Doc. 43) at 2. Plaintiff also notes that Exhibit A-2 is publicly available on the Securities and Exchange Commission website, and Defendants, again, concedes as such in their Reply. (Doc. 43) at 1, n.1. Plaintiff further notes that Defendants have provided no specific explanations, evidence, or declarations that demonstrate why the exhibits should be sealed. (Doc. 43) at 3. Indeed, the affidavits attached to the exhibits declare only that they are kept in the course of regularly-conducted business and adduce no evidence as to their confidential nature. See (Doc. 28-1) at 3.
III. CONCLUSION
Therefore, for the reasons above, the undersigned finds that Defendants have failed to show good cause as to why the confidentiality designations should be upheld. Accordingly, it is
ORDERED that Defendants' Motion to Uphold Confidentiality Designation (Doc. 39) is DENIED. It is further,
ORDERED that Plaintiff's Motion to File Sur-Reply Under Seal (Doc. 44) is DENIED as MOOT.
DONE this 17th day of May, 2019.